UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                :

BRUCE LABOY, individually, on behalf of a class of   :
all others similarly situated, and on behalf of the      :
BUILDING SERVICE 32 BJ SRSP FUND,               :
                                               :
                   Plaintiff,                 :
                                               :   11 Civ. 5127 (HB)
       -against-                        :
                                               :   **OPINION AND ORDER**
BOARD OF TRUSTEES OF BUILDING                :
SERVICE 32 BJ SRSP, HOWARD I.                 :
ROTHSCHILD, JOHN SANTORA,                   :
CHARLES DOREGO, FRED WARD,                :
MICHAEL P. FISHMAN, KEVIN J. DOYLE,     :
HÉCTOR J. FIGUEROA, BRIAN                  :
LAMBERT AND LARRY ENGLESTEIN,       :
                                               :
                  Defendants.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**Hon. HAROLD BAER, JR., District Judge:**

      Before the Court is a motion for attorneys' fees brought by the Board of Trustees of Building Service 32BJ Supplemental Retirement Savings Plan (the "Plan"), Howard I. Rothschild, John Santora, Charles Dorego, Fred Ward, Michael P. Fishman, Kevin J. Doyle, Héctor J. Figueroa, Brian Lambert, and Larry Englestein (collectively, "Defendants") against Plaintiff Bruce Laboy ("Plaintiff"), a participant in the Plan alleging breach of fiduciary duty claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1104(a)(1), on behalf of a putative class. I initially granted Defendants' motion to dismiss Plaintiff's First Amended Complaint ("FAC") but allowed Plaintiff to replead. *Laboy v. Bd. of Trs. of Bldg. Serv. 32 BJ SRSP* ("*Laboy I*"), No. 11 Civ. 5127, 2012 WL 701397, at *4 (S.D.N.Y. Mar. 6, 2012). Subsequently, Plaintiff filed the Second Amended Complaint ("SAC"), which I dismissed with prejudice. *Laboy v. Bd. of Trs. of Bldg. Serv.32 BJ SRSP* ("*Laboy II*"), No. 11 Civ. 5127, 2012 WL 3191961, at *5 (S.D.N.Y. Aug. 7, 2012). Defendants now ask for attorneys' fees associated with their motion to dismiss the SAC in the amount of $68,700 or some lesser

1

amount that the Court deems appropriate. For the reasons set forth below, Defendants' motion for attorneys' fees is DENIED.

## Discussion

Under ERISA, a district court "in its discretion may allow a reasonable attorney's fee and costs of action to either party," 29 U.S.C. § 1132(g)(1), but "a fees claimant must show some degree of success on the merits before a court may award attorney's fees." *Hardt v. Reliance Standard Life Ins. Co.*, 130 S. Ct. 2149, 2158 (2010) (internal quotation marks omitted). After a determination that the condition under *Hardt* is satisfied, "courts may still apply the *Chambless* factors in channeling their discretion when awarding fees under § 1132(g)(1)." *Levitian v. Sun Life & Health Ins. Co. (U.S.)*, No. 11-2063-CV, 2012 WL 2299302, at *4 (2d Cir. June 19, 2012) (quoting *Toussaint v. JJ Weiser, Inc.*, 648 F.3d 108, 110–11 (2d Cir. 2011)) (original alterations and internal quotations marks omitted). The *Chambless* test established by the Second Circuit, in turn, requires consideration of the following: "(1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants." *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir. 1987). Since *Hardt*, the Circuit has also affirmed its prior observation that "the five factors very frequently suggest that attorney's fees should not be charged against ERISA plaintiffs." *Toussaint*, 648 F.3d at 111 (quoting *Salovaara v. Eckert*, 222 F.3d 19, 28 (2d Cir. 2000)) (internal quotation marks omitted).

Defendants argue that they satisfy the *Hardt* requirement since both of their motions to dismiss were granted and go on to contend that the first three *Chambless* factors related to Plaintiff's bad faith, deterrence of frivolous claims, and relative merits weigh in their favor. The first factor is hard to square with Defendants' contention; there is no clear showing that Plaintiff filed the SAC in bad faith. Although I granted Defendants' motion to dismiss the FAC, I also granted Plaintiff leave to file the SAC on the ground that "Laboy's amended complaint is not clearly frivolous or legally insufficient." *Laboy I*, 2012 WL 701397, at *3. More importantly, I dismissed the SAC because I found that Plaintiff's views did not "comport with the case law." *Laboy II*, 2012 WL 3191961, at *3. *Compare Salovaara*, 222 F.3d at 29 (reversing the district court's finding of bad faith on the ground that the plaintiff's interpretation of case law "proved to be wrong"), *with*

*Seitzman v. Sun Life Assurance Co. of Canada, Inc.*, 311 F.3d 477, 485 (2d Cir. 2002) (distinguishing the case from *Salovaara* on the basis that the plaintiff "presented testimony that was found to be deliberately false as to the most material points").

As to the second factor, Defendants acknowledge that Plaintiff's financial ability "militat[es] against an award of attorneys' fees." Defs.' Supp. 11. Defendants' request for $68,700 clearly exceeds Plaintiff's current annual income of $45,000 and net worth of $40,000. Pl.'s Opp. 17. *Compare McKeown v. Blue Cross Blue Shield of Ala.*, 497 F. Supp. 2d 1328, 1334 (M.D. Ala. 2007) (denying an award of $21,773 even though the plaintiff's yearly salary was $70,000 because "it would [still] be a significant sum"), *with Critelli v. Fid. Nat'l. Title Ins. Co. of N.Y.*, 554 F. Supp. 2d 360 (E.D.N.Y. 2008) (finding that the plaintiff could satisfy an attorney's fee award of $51,000 given yearly wages and compensation of $627,998.49 but still denying the defendant's motion).

Importantly, "where, as in this case, an ERISA plaintiff has pursued a colorable (albeit unsuccessful) claim, the third *Chambless* factor [on deterrence] likely is not merely neutral, but weighs strongly *against* granting fees to the prevailing defendant." *Salovaara*, 222 F.3d at 31 (emphasis in original). For the Plaintiff to have litigated a colorable claim against his union is hardly to be condemned. Indeed, the legislation was passed to ensure, among other things, just such activity amongst the members of a labor organization. *See Slupinski v. First Unum Life Ins. Co.*, 554 F.3d 38, 47 (2d Cir. 2009) ("Congress intended the fee provisions of ERISA to encourage beneficiaries to enforce their statutory rights."); *Toussaint*, 648 F.3d at 111 ("This favorable slant toward ERISA plaintiffs is necessary to prevent the chilling of suits brought in good faith.") (internal quotation marks omitted).

With respect to the fourth factor, and as required under *Hardt*, Defendants have indeed shown some degree of success, since their two motions to dismiss have been granted. However, for the reasons noted regarding Plaintiff's lack of bad faith, I find that Plaintiff's "claims were not entirely devoid of merit." *Salovaara*, 222 F.3d at 30; *cf. Slupinski*, 554 F.3d at 47 ("The degree-of-culpability and relative-merits factors are closely related.").

Lastly, where an ERISA defendant is seeking attorney's fees, the fifth factor evaluating whether the action confers a common benefit is generally viewed to be inapplicable. *Mahoney v. J.J. Weiser & Co.*, 646 F. Supp. 2d 582, 594 (S.D.N.Y. 2009), *aff'd sub nom. Toussaint*, 648 F.3d

108. Not persuaded that any of the five factors weigh in Defendants' favor, I also decline Defendants' invitation, in the alternative, to award a lesser amount.

## Conclusion

I have considered the parties remaining arguments and find them without merit.[1] For the foregoing reasons, Defendants' motion for attorneys' fees is DENIED. The Clerk of the Court is instructed to close this motion and remove it from my docket.

**SO ORDERED.**

New York, New York
November 4, 2012

Hon. Harold Baer, Jr.
U.S.D.J.

---

[1] In its letter dated August 21, 2012, Plaintiff's counsel informed the Court of an email from Defendants' counsel dated August 13, 2012, asking whether Plaintiff would forego an appeal if Defendants agreed to not file a motion for attorneys' fees. I am unaware of, and Plaintiff has not provided me with, any case law or Rules of Professional Conduct that would make such a communication improper. *Cf. Harb v. United Parcel Serv., Inc.*, No. 84 Civ. 8430, 1986 WL 2188, at *1 (S.D.N.Y. Feb. 7, 1986) ("[T]he Court proposed that defendants waive their claim to attorney's fees and, in exchange, that plaintiffs agree to forego their right to appeal.").